VAILAAU N. SILIGA, Claimant

v.

FA'AUAA VA'ALEAMA, et. al. Counter Claimants

[In Re Matai Title "LE'IATO"]

High Court of American Samoa
Land & Titles Division

MT No. 010-85

March 5, 1986

Before GARDNER, Chief Justice, Presiding, TAUANU'U, Chief
Associate Judge, OLO, Associate Judge, VAIVAO, Associate Judge,
and APE, Associate Judge.

Counsel:  Pro se, Soli S. Aumoeualogo
          For Lea'oa V. Manuma,  Aitofele Sagapolutele
          For Vailaau N. Siliga,  Puleleiite Tufele
          For Igafo Faigata, Fa'ivae Galea'i
          For Malepeai Setu,  Lutu Tenari
          For Va'a Le'iato, Tuana'itau Tuia
          For Eteuati Tupua Le'iato, Tauese Sunia
          For Va'aleama Malau'ulu, Meauta Mageo
          For Te'o Tu'itu'i, Utu Siagege

     Pursuant to section 1.0409 A.S.C.A., the court makes the
following findings of fact regarding the candidates for the above
title.

     1.   The best hereditary right.

     In the Western World of written history genealogy is easy.
In any history of Europe one can find the genealogy of the great
families--Hapsburgs, Romanoffs, Bourbons--with dates of births,
marriages and deaths set forth in exact detail.   Such is not the
case in which history is oral, handed down through the years by
word of mouth.   This gives rise to some baffling results.   For
example, an inspection of the questionnaires on file reflects
lists of holders of the title varying from 6 to 12, with 10 or 11
being the usual choice.   So too, the clans may vary--from one to

four. As to generations of claimant's families from the first title holder to the claimant, this varies from six to twelve. Obviously, they can't all be right.

The court has no hesitation in finding that each of the candidates has a direct blood line to Le'iato Togiola, the first holder of the title. However, the court cannot find that any candidate prevails over the others in this regard.

This is an ancient title--the consensus being that 10 or 12 people have held the title. We do not know what period of time this covers but it must be quite a period. For example, we do know that the last two title holders held the title for approximately 60 years. Under these circumstances a claim of 10 or 12 generations (1/1024 or 1/4096) seems realistic and since several candidates make claims in this general category, no one prevails. Claims of lesser generations simply are not accepted by the court.

2. The wish of a majority or plurality of the clans.

As is usual in a title of this antiquity, there is disagreement even as to the number or names of the clans. The number varies from one to four and a check of the questionnaires lists seventeen names for these clans. Thus, each candidate has some clan support but no candidate can be said to have the support of a majority or plurality of the clans.

3. The forcefulness, character and personality of the candidate and his knowledge of Samoan customs.

Here, again, no one prevails. Each candidate is a man of honor and of integrity. Each is an honest, God-fearing and responsible member of society. In court each displayed an acceptable knowledge of Samoan customs and traditions and of the customs, traditions and history of this family. No one candidate prevailed over the others.

4. The value of the holder of the title to the family, village and country.

Here candidate Tupua Le'iato prevails.

This candidate is one of the most respected citizens of American Samoa. His 29 years as a Medical Doctor at L.B.J., his four years as a member of the House of Representatives including two years as Speaker and his many community activities make him one of the outstanding inhabitants of the territory. Insofar as the village and the family are concerned he has served both unselfishly. With his proven qualities of leadership, his value to the village and family are obvious. He can restore peace and harmony to the family.

Therefore, based on the above findings of fact, the court

concludes as a matter of law that since candidate Tupua Le'iato prevails over the other candidates on issue (4) he shall be selected to bear the title Le'iato and the Territorial Registrar is order to certify his name as holder of that title.

Two matters merit further discussion.

A Western Samoan birth certificate is in evidence which states that two persons bearing the same names as this candidate's parents gave birth to a boy (bearing another name) on the date of candidate's birth. Candidate Tupua Le'iato swears under oath that he was born in American Samoa and that his parents have always so advised him.

The fact of birth is always based on hearsay except as to those actually present at the birth—the mother and anyone else physically present. Thus, we are faced with two types of hearsay, what candidate Tupua Le'iato's parents told him and what the birth certificate reflects. Therefore, we resort to reasonable inference.

Clearly, this candidate's parents were inhabitants of American Samoa. His father was born here. His mother was born in Western Samoa. However, both were inhabitants of American Samoa. If, indeed, the mother did go to Western Samoa for the birth of her child it was but a temporary trip and since this candidate has clearly lived here for more than ten years prior to registering for this title, he comes within the provisions of section 1.0403 (b)(2) A.S.C.A.

The second matter on which we wish to comment is the matter of candidates filing for registration while the family is still debating the subject.

We are disturbed by the ever-growing practice of candidates filing for a title before the family has had a real opportunity to select a matai in accordance with traditional custom. Under Fa'a Samoa, a matai is selected by a consensus of the aiga. All too often, a candidate will file while the family is still trying to reach a consensus. This case is a good example. The family was still deliberating when one candidate filed. All other potential candidates were then forced to file to protect their own interests. The case then proceeded to court without giving the family a real opportunity to make its own selection.

Current law allows this type of abuse of traditional custom in the selection of matais. We suggest that the Fono study this subject and enact appropriate legislation to curb this practice by which the court finds itself thrust into the selection process before the family has had a complete opportunity to make the selection in accordance with Fa'a Samoa. Too many matai selections are made by the court instead of by the family.